IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Hahn, | C/A No. 9:24-cv-04061-JFA |
| Petitioner, | |
| v. | |
| Warden S. Janson, | **ORDER** |
| Respondent. | |

## I.   **INTRODUCTION**

Petitioner Marcus Hahn, ("Petitioner"), proceeding pro se, brings this action for habeas corpus relief under 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On December 19, 2024, Warden S. Janson ("Respondent") filed a motion to dismiss, or in the alternative, a motion for summary judgment. (ECF No. 12). Petitioner filed a response to this motion. (ECF No. 18). On June 30, 2025, the Magistrate Judge, construing Respondent's motion as a motion for summary judgment, issued a thorough Report and Recommendation ("Report"), recommending Respondent's motion for summary judgment be granted. (ECF No. 19). Plaintiff filed objections to the Report. (ECF No. 25). Therefore, this matter is ripe for review.

## II.      <u>**FACTUAL AND PROCEDURAL HISTORY**</u>

The Report sets forth, in detail, the relevant facts on this matter, and this Court incorporates those facts herein by reference. (ECF No. 19)  Petitioner is an inmate housed at the Federal Correctional Institution in Edgefield, South Carolina. (ECF No. 1). He is serving an aggregate term of imprisonment of 412 months which began on June 7, 2001, and has a projected release date of June 4, 2029. (ECF No. 19, p. 3). Petitioner's sentence is composed of numerous counts, importantly one of which is Possession of a Firearm in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. § 924(c)(B)(i) ("§ 924(c)"). *Id.*

Petitioner challenges the Bureau of Prison's ("BOP") determination that he is ineligible for First Step Act ("FSA") time credits because he is charged pursuant to § 924(c), an offense listed as one that renders an inmate ineligible to receive FSA credits. (ECF No. 19, pgs. 4, 7). Further, Petitioner argues the BOP's determination he is ineligible to receive FSA credits violates his Due Process and Equal Protection rights and the Irrebuttable Presumption Doctrine. *Id.* at 4. Additionally, he claims the FSA's ineligible offense provision, 18 U.S.C. § 3632(d)(4)(D), should be deemed unconstitutional. *Id.*

The Report recommends Respondent's motion for summary judgment be granted and the petition be dismissed. *Id.* at 6-7. Specifically, the Magistrate Judge determined: (i) the BOP properly aggregated Petitioner's consecutive sentences in assessing his eligibility for FSA credit; (ii) Petitioner failed to identify any liberty interest in earning, receiving, or applying FSA time credits sufficient to support his Due Process claim; (iii) the ineligible

offense provision, 18 U.S.C. § 3632(d)(4)(D), survives rational basis review and thus Petitioner's Equal Protection claim fails; and (iv) Petitioner's assertion of the Irrebuttable Presumption Doctrine is not appropriate because there is no application for the Irrebuttable Presumption Doctrine even if the court were to find the doctrine still viable and relevant. (ECF No. 19).

## III.  **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas*, LLC, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Where a plaintiff is proceeding *pro se,* a trial court is encouraged to liberally construe his pleadings. *See Folse v. Hoffman,* 122 F.4th 80, 84 (4th Cir. 2024).

**Page 4 of 22**

## IV.    __DISCUSSION__

The Report advises this Court to grant Respondent's motion for summary judgment for all claims asserted by Petitioner. The Court liberally construes Petitioner's objections to include seven specific objections which require a *de novo* review of the corresponding portions of the Magistrate Judge's Report.

Objection 1

Petitioner "objects to the application of Summary Judgment standards under Fed. R. Civ. P. 56 to this case." (ECF No. 25, p. 2). He alleges "this is not a typical civil complaint in which the parties are disputing material facts. Rather, the part[ies'] dispute lies in the proper interpretation of law with respect to an established set of facts." *Id.* Thus, Petitioner asserts in his objection that summary judgment was not properly applied in this case. *Id.*

Respondent filed a motion to dismiss, or in the alternative, a motion for summary judgment. (ECF No. 12). The Magistrate Judge construed Respondent's motion as a motion for summary judgment because the parties submitted, and the Magistrate Judge considered, matters outside of the petition. (ECF No. 19, fn. 1). If, on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Summary Judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a). By Petitioner's own admission in his objections, "the part[ies'] dispute lies in the proper interpretation of law with respect to an established set of facts." (ECF No. 25, p. 2). Irrespective of Petitioner's allegation this claim is "not a typical civil complaint," this case presents the exact situation for which summary judgment is intended. There is no dispute of material fact, rather the issue is an interpretation of the relevant law. Therefore, the Magistrate Judge was correct in construing Respondent's motion as a motion for summary judgment and proceeding accordingly in preparing the Report.

Therefore, Petitioner's objection to the Magistrate Judge's application of the summary judgment standard is overruled.

Objections 2 and 3

For Petitioner's second objection, he objects to the Magistrate Judge's determination that the aggregation statute, 18 U.S.C. § 3584(c), and the ineligible offense provision, 18 U.S.C. § 3632(d)(4)(D), are not ambiguous. For his third objection, Petitioner objects to the Report's determination that the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024) is not applicable as applied to the aggregation statute. Upon a *de novo* review of these portions of the Report and the applicable law, these objections are best discussed together.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson,* 503 U.S. 329, 335 (1992). "The FSA provides that a 'prisoner is ineligible to receive time

credits . . . if the prisoner is serving a sentence for a conviction' of an ineligible offense." *Giovinco v. Pullen*, 118 F.4th 527, 530 (2d Cir. 2024) (citing 18 U.S.C. § 3632(d)(4)(D)). "The FSA does not address whether a prisoner serving concurrent or consecutive sentences – at least one of which is for an ineligible offense – may earn FSA time credits for the portion of the term attributable only to an eligible offense." *Id.* However, 18 U.S.C. § 3584 provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c); *see also Giovinco,* 118 F.4th at 530.

Petitioner's sentence is composed of:

> (1) a term of 120 months' incarceration, comprised of (a) a 60-month term for violation of 21 U.S.C. § 841(b)(1)(B), Manufacture of More than 100 Marijuana Plants (count 1 of the Indictment), (b) a 41 month term for violation of 21 U.S.C. § 856, Maintaining a Place for the Manufacture of Marijuana (Count 2), to run concurrently to the 60- month term on Count 1, and (c) a 60- month consecutive term for violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 924(c)(B)(i), Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 3); and (2) a term of 292 months' incarceration, comprised of (a) a 240- month term imposed for each of Counts 3, 4, 5, and 6 (violation of 18 U.S.C. § 2251(a), Sexual Exploitation of a Minor) and Counts 15 and 16 (violation of 21 U.S.C. § 841(b)(7).

(ECF No. 19, p. 3) (internal citation omitted).

The BOP deemed Petitioner ineligible for FSA Time Credits because, when viewing these multiple sentences as an aggregate, Petitioner's charge pursuant to § 924(c) – an enumerated disqualifying offense listed in 18 U.S.C. §3632 (d)(4)(D)(xxii) – disqualifies him from receiving FSA credit despite also serving for eligible offenses.

In liberally construing Petitioner's objections, Petitioner specifically alleges the FSA statutes are ambiguous, and reliance on cases that utilized the *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984) framework are inappropriate considering *Loper Bright.* This Court overrules Petitioner's objections for several reasons. This Court agrees with the Magistrate Judge that the pertinent aggregation statute and ineligible offense provision are clear and unambiguous. This Court finds the reasoning in *Giovinco v. Pullen*, a Second Circuit United States Court of Appeals opinion, persuasive on this matter. 118 F.4th at 527. In *Giovinco,* the Court of Appeals held that an inmate serving concurrent sentences for eligible and ineligible offenses was ineligible for FSA time credits. *Id.* The court discussed the BOP's duty to determine whether a prisoner meets the eligibility criteria set forth in §3623(d)(4)(D). *Id.* at 532.

The court noted the aggregation statute, § 3584(c), "directs that when implementing the statutory criteria, the BOP *must* aggregate a prisoner's sentence." *Id.* (emphasis added). Thus, the court determined "Congress has directed that – for the purpose of administering a judicially imposed sentence – the BOP must aggregate multiple terms of imprisonment." *Id.* at 533. Therefore, the court concluded, "without deference [to the BOP], the best reading of the applicable statutes required the BOP to aggregate [petitioner's] sentence to determine his eligibility for FSA time credits, [and] we need not decide whether the BOP's interpretation warrants some level of deference." *Id.* (determining there was no need to address whether district court improperly applied *Chevron* deference because court reached its conclusion without deferring to BOP's interpretation).

**Page 8 of 22**

This Court also finds persuasive a recent District Court decision from the District of South Carolina, which assessed whether a sentence pursuant to § 924(c) tainted a separately imposed sentence such that the petitioner was ineligible to earn FSA time credits for the entire sentence. *Bonnie v. Dunbar*, No. 23-01215, 2024 WL 5691164, at *1 (D.S.C. May 9, 2024). In dealing with an objection to a report and recommendation similar to Petitioner's, the *Bonnie* court determined "the plain text and statutory context of the FSA indicate Congress's intention that an inmate convicted of multiple offenses, at least one of which is ineligible to earn time credits under the FSA, is ineligible to earn time credits under the FSA because the BOP is statutorily mandated to aggregate the sentence." *Id.* at *9. In noting there was no binding precedent from the Fourth Circuit or the Supreme Court on this matter, the *Bonnie* court determined that under the plain language of the statute read in its statutory context, "an ineligible offense impacts [petitioner's] entire sentence such that he is ineligible for FSA time credits." *Id.* at *10.

Thus, because this Court finds the statutory provisions to be unambiguous, Petitioner's second objection is overruled. Petitioner's third objection, that the Magistrate Judge erred in not applying *Loper Bright* also fails. *Loper Bright* overruled *Chevron* which required courts to defer to an agency's reasonable interpretation of an ambiguous statute. Under *Loper Bright,* courts may not defer to an agency's interpretation of the law simply because a statute is ambiguous but rather is required to exercise their independent judgment in deciding whether an agency has acted within its statutory authority. 603 U.S. at 412.

Petitioner objects to the Magistrate Judge's citation to cases in other circuits that found the FSA statutes to be ambiguous and applied *Chevron* deference. (ECF No. 25, pgs. 4,5).

Petitioner's objection, while holding some merit in its observation, nonetheless fails for multiple reasons. First, this Court does not find the statutory scheme to be ambiguous. *Bonnie v. Dunbar*, No. 23-01215, 2024 WL 5691164, at *1 (D.S.C. May 9, 2024) ("Upon finding the statute unambiguous, the court need not reach the question of whether BOP's interpretation was reasonable."). Second, as an initial observation, in a recent published decision, the Fourth Circuit Court of Appeals discussed the impact of *Loper Bright* on prior cases that relied on the *Chevron* framework. *Chavez v. Bondi*, 134 F.4th 207, 213 (4th Cir. 2025). The Fourth Circuit Court of Appeals noted "although the Supreme Court declared 'legal interpretation' 'the province and duty of the judicial department,' it didn't 'call into question prior cases that relied on the *Chevron* framework.'" *Id.* (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 370 (2024)). Those holdings "are still subject to statutory *stare decisis* despite our change in interpretative methodology." *Id.* (internal quotations omitted). "In other words, *Loper Bright* doesn't wipe away the results of our prior decisions deferring to the Board's reasonable interpretations . . . [b]ut it does mean that any Board guidance serves only as persuasive authority." *Id.* Thus, even if this Court were to find the statutory scheme ambiguous, that does not render the prior case law interpretating the pertinent statutes relying on the *Chevron* framework unconvincing.

Therefore, Petitioner's objection which merely asserts *Loper Bright* should have been applied is unpersuasive. "Mere reliance on *Chevron* cannot constitute a 'special

**Page 10 of 22**

justification' for overruling such a holding, because to say a precedent relied on *Chevron* is, at best, 'just an argument that the precedent was wrongly decided.' That is not enough to justify overruling a statutory precedent." *Loper Bright Enterprise,* 603 U.S. at 412 (citation omitted). Thus, reliance on cases that found the BOP correctly determined a petitioner was ineligible for FSA time credits while serving a sentence with both eligible and ineligible offenses through analysis that utilized the *Chevron* framework does not render the Magistrate Judge's conclusion erroneous. Further, Petitioner, in his objection, relies on the holding of *Sok v. Eischen,* where the Eight Circuit Court of Appeals affirmed the ruling of a magistrate judge who found the FSA statutory scheme to be ambiguous but ultimately determined through *Chevron* deference the BOP's interpretation of the statutes was reasonable. No. 22-458, 2022 WL 17156797, at *1 (D. Minn. Oct. 26, 2022), *report and recommendation adopted,* No. 22-458, 2022 WL 17128929 (D. Minn. Nov. 22, 2022), *aff'd*, No. 23-1025, 2023 WL 5282709 (8th Cir. Aug. 17, 2023). Petitioner uses this case in an attempt to bolster his argument that the Magistrate Judge erred in neglecting to find *Loper Bright* applicable. He neglects to note; however, that in assessing the BOP's interpretation of the statute the *Sok v. Erikson* court found "[t]he BOP's aggregation of Petitioner's sentences is not only a reasonable interpretation of § 3632(d)(4)(D), but said aggregation is, in fact, required pursuant to the BOP's obligation to comply with the statutory mandate of Congress in § 3584(c)." *Id* at 6. Further, even in light of the new *Loper Bright* standard, "district courts have continued to agree with *Sok's* assessment that the BOP's interpretation is both reasonable and required by statute." *Clinkenbeard v. King*, No.

23-3151, 2024 WL 4355063, at *5 (D. Minn. Sept. 30, 2024), *aff'd sub nom. Clinkenbeard v. Murdock*, No. 24-3127, 2025 WL 926451 (8th Cir. Mar. 27, 2025).

Therefore, Petitioner's second and third objections are overruled because this court finds the pertinent statutory provisions unambiguous. Further, even if the statutes were found to be ambiguous, Petitioner has not shown that cases that interpreted such ambiguity under the *Chevron* framework should be considered wrongly decided.

Objection 4

For Petitioner's fourth objection, he objects to the Report's conclusion his conviction pursuant to § 924(c) is encompassed by §3632(d)(4)(D)(xxii), the statutory provision which lists ineligible offenses. (ECF No. 25, pgs. 5-7). In objecting to this recommendation, Petitioner asserts the Magistrate Judge's recommendation: (i) is inconsistent with the recent Fourth Circuit Court of Appeals case *Valladares v. Ray*, 130 F.4th 74 (4th Cir. 2025); and (ii) the Magistrate Judge's reliance on persuasive case law from other districts was inappropriate as applied to Petitioner's case. (ECF No. 25, pgs. 5-7).

Petitioner argues his sentence pursuant to § 924(c) for "Possession of a Firearm in Furtherance of a Drug Trafficking Crime" is not encompassed by § 3632(d)(4)(D)(xxii) which lists as a conviction that renders a prisoner ineligible for FSA time credits: a conviction under "[s]ection 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." §

3632(d)(4)(D)(xxii). Thus, Petitioner argues § 3632(d)(4)(D)(xxii) states a non-existent crime and therefore a determination that his sentence of "Possession of a Firearm in Furtherance of a Drug Trafficking Crime" is encompassed by § 3632(d)(4)(D)(xxii) is erroneous.

First, in reviewing the Fourth Circuit's reasoning in *Valladares v. Ray*, 130 F.4th 74 (4th Cir. 2025), this Court determines Petitioner's objection holds no merit. In *Valladares,* the Fourth Circuit Court of Appeals overturned a district court's denial of the petitioner's petition which alleged improper denial of FSA time credits because petitioner's conviction was not encompassed by § 3632(d)(4)(D)(lviii), the relevant ineligibility provision. *Id.* at 85. The relevant ineligibility provision in *Valladares* listed a conviction under "[s]ection 401(a) of the Controlled Substances Act (21 U.S.C. 841), relating to manufacturing or distributing a controlled substance in the case of a *conviction* for an offense described in subparagraph (A), (B), or (C) of subsection (b)(1) of that *section for which death or serious bodily injury resulted from the use of such substance*." *Id.* at 83 (emphasis added). The court interpreted this provision by its plain language to limit ineligibility of those convicted of a violation of § 841 to those also convicted of the death resulting enhancement. *Id.* The petitioner was not convicted of the death-resulting enhancement element, and the fact that a death had occurred was irrelevant as the statute clearly required <u>conviction</u> of the death-resulting enhancement not mere facts of a death. *Id.* Thus, upon a reading of the plain statutory language, the petitioner in *Valladares* was not ineligible to receive FSA time

**Page 13 of 22**

credits because he was not convicted of the death-resulting enhancement and therefore his conviction was not encompassed by § 3632(d)(4)(D)(lviii)'s ineligibility provision. *Id.*

The facts of *Valladares* are clearly distinguishable from those of Petitioner. Petitioner does not dispute he has been convicted pursuant to § 924(c) for "Possession of a Firearm in Furtherance of a Drug Trafficking Crime." The clear and unambiguous text of § 3632(d)(4)(D)(xxii) states that a prisoner is ineligible for FSA time credits if convicted pursuant to "[s]ection 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." Petitioner's challenge to the ineligibility provision lies in the fact that the text of § 3632(d)(4)(D)(xxii) does not exactly mirror that of his conviction. This inconsistency is not the same substantive issue as identified by the *Valladares* court. In *Valladares,* the petitioner was not convicted of a substantive element as required by the ineligibility provision. Here, Petitioner has been convicted for possession of a firearm in furtherance of a drug trafficking crime. No substantive requirement of § 3632(d)(4)(D)(xxii) is missing, rather the inconsistency is a matter of phrasing.

While Petitioner objects to the Magistrate Judge's consideration of cases from other circuits, this Court agrees with the Report in finding the cases cited to be persuasive on this matter. (ECF No. 19 pgs. 11-14). To find that Petitioner's conviction is not encompassed by § 3632(d)(4)(D)(xxii) would be in contravention to the common sense reading of the plain language of the statute. As noted in the Report, courts in other districts have encountered and rejected Petitioner's argument. *See e.g. Arnold v. Entzel,* No. 25-17, 2025

WL 645869, at *1 (E.D. Ky. Feb. 27, 2025) (rejecting petitioner's contention he was eligible to have FSA credits "because his criminal judgment, when describing his § 924(c) conviction, did not recite the exact phrase 'possession of a firearm in furtherance of a drug trafficking crime' found in § 3632(d)(4)(D)(xxii)"); *Fisher v. Knight,* No. 22-7006, 2023 WL 8868490 (D.N.J. Dec. 22, 2023); *Nichols v. Knight,* No. 22-5808, 2023 WL 8751265 (D.N.J Dec. 18, 2023) (rejecting petitioner's contention Congress did not intend individuals whose § 924(c) conviction was based on them "possessing a firearm in furtherance of a drug trafficking crime to be swept under the 'in relation to' section of the § 924(c) statute.").

Thus, because Petitioner was convicted pursuant to § 924(c), and under the plain language of the FSA, prisoners who are convicted pursuant to § 924(c) are ineligible to receive FSA time credits, Petitioner's fourth objection is overruled.

Objection 5

For his fifth objection, Petitioner objects to the Report's conclusion his Due Process claims fail. The Report recommends Respondent's motion for summary judgment be granted as to the alleged violation of Petitioner's Due Process rights because Petitioner has not identified any courts that have found there is a protected liberty interest in FSA time credits.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332

**Page 15 of 22**

(1976). "To state a procedural due process violation, a [petitioner] must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke,* 780 F.3d 245, 248 (4th Cir. 2015). ". . . [I]f no state statute, regulation, or policy creates such a liberty interest, a prisoner cannot 'invoke the procedural protections of the Due Process Clause.'" *Id.* (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Mandatory language in a statute may create an "expectancy of release, a liberty interest entitled to protection under the Due Process Clause." *Bd. of Pardons v. Allen*, 482 U.S. 369, 369 (1987) (citing *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 2 (1979)) (internal quotations omitted).

This Court finds Petitioner has no liberty interest in FSA time credits because he is not eligible to receive such credits. In his objection, Petitioner claims the FSA statutory scheme creates a liberty interest in FSA time credits by using mandatory language. (ECF No. 25, p. 9). While such a determination may be true of FSA-eligible prisoners in some circuits, Petitioner is not an FSA-eligible prisoner. Instead, the plain text of § 3632(d)(4)(D)(xxii) renders Petitioner ineligible to benefit from any mandatory language that may be found in the pertinent FSA statutes. In interpreting whether a liberty interest in FSA time credits exist, numerous courts agree there is no protected liberty interest in FSA time credits. *See e.g. Cheng v. United States,* 132 F.4th 655, 659 (2d Cir. 2025) ("[Petitioner] argues [the FSA] creates such an interest because its language is mandatory. But the FSA, taken as a whole, makes clear that noncitizens with final orders of removal are not eligible for time credits. Because [petitioner] had no protected interest in the award

of good time credits under the FSA, we reject his due process claim."); *Fischer v. Boncher*, 743 F. Supp. 3d 252, 255-56 (D. Mass. 2024) ("Accordingly, the court concludes the petitioner is statutorily ineligible to receive FSA time credits. That finding dooms what remains of the petitioner's [Due Process] claims here."); *Sedlacek v. Rardin*, No. 24-1254, 2025 WL 948485, at *1 (6th Cir. Jan. 21, 2025) ("Courts have routinely held that a federal prisoner does not have a liberty interest in receiving credits under the FSA . . . We agree that because the FSA earned-time credits are conditional, they do not create a liberty interest.") (citations omitted); *Clinkenbeard v. King*, No. 23-3151, 2024 WL 4355157, at *6 (D. Minn. June 20, 2024), *report and recommendation adopted*, No. 23-3151, 2024 WL 4355063 (D. Minn. Sept. 30, 2024), *aff'd sub nom. Clinkenbeard v. Murdock*, No. 24-3127, 2025 WL 926451 (8th Cir. Mar. 27, 2025)("Petitioner's argument is unavailing because a liberty interest cannot be created by a statute which, like the FSA, only conditionally grants prisoners the opportunity to accrue credits possibly affecting the duration of said prisoners' confinement."); *Ford v. Lepe*, No. 24-00287, 2024 WL 6474280, at *3 (D. Colo. Sept. 27, 2024) ("[Petitioner] cannot demonstrate a legitimate claim of entitlement to FSA time credits because he is not eligible for FSA time credits.").

Petitioner cites recent district court case, *Adepoju v. Scales,* where the court determined the petitioner had a liberty interest in his FSA credits sufficient to support a Due Process claim.[1] 782 F. Supp. 3d 306, 317 (E.D. Va. 2025). The *Adepoju* court cited

---

[1] Petitioner also cites *Kuzmenko v. Phillips*, No. 2:25-00663, 2025 WL 779743, at *6 (E.D. Cal. Mar. 10, 2025), *appeal dismissed sub nom. Martin v. Phillips*, No. 25-3145, 2025 WL 2375268

the Fourth Circuit Court of Appeals holding that, the award and computation of time credits is mandatory, "[h]owever, the FSA deems certain prisoner's ineligible to receive time credits in the first instance if they are serving a sentence for a conviction under any of sixty-eight provisions of law enumerated in 18 U.S.C. § 3632(d)(4)(D)." *Id.* (citing *Valladares,* 130 F.4th at 79) (internal quotations omitted). Vital to the *Adepoju* court's analysis in finding a liberty interest in FSA time credits was the determination the petitioner was not serving a sentence that rendered him ineligible to earn time credits, and the petitioner had in fact accrued FSA time credits. *Adepoju,* 782 F. Supp. 3d at 317. Thus, the *Adepoju* court's determination the petitioner had a liberty interest in FSA time credits sufficient to allege a violation of his Due Process rights was dependent on the determination the petitioner was eligible to receive FSA time credits. *Id.* at 320-21. Petitioner's circumstances are easily distinguishable from that of the *Adepoju* petitioner. As discussed at length, Petitioner is statutorily ineligible to receive FSA time credits. Thus, Petitioner has no liberty interest because he is *not* an FSA-eligible prisoner.

Therefore, because Petitioner has failed to identify a protected liberty or property interest, his Due Process claim must fail. Accordingly, Petitioner's fifth objection is overruled.

---

(9th Cir. July 24, 2025). This court is unpersuaded by this citation to the extent it is applicable for the same reasons discussed in reference to *Adepoju.*

Objection 6

For his sixth objection, Petitioner objects to the Report's recommendation Respondent's motion for summary judgment be granted as to Petitioner's claim of a violation of his Equal Protection rights. (ECF No. 25, p. 10). Petitioner asserts the categorical exclusion of certain prisoners from earning and applying FSA time credits violates the right to Equal Protection under the Fifth Amendment. *Id.* Petitioner does not object to the Magistrate Judge's application of rational basis review,[2] but rather states "the Magistrate Judge side-stepped the disputed material facts preserved for findings of fact and conclusions of law and instead relied on the same [artificial intelligence] generated response from Respondent's string citation." (ECF No. 25, p. 10). This Court liberally construes this verbose objection as a challenge to whether the ineligibility provisions set forth in § 3632(d)(4)(D) survives rational basis review sufficient to establish an equal protection violation.

In applying the highly deferential rational basis standard, this Court must assess whether the ineligible convictions set forth in § 3632(d)(4)(D), including (xxii), are "rationally related to legitimate government interests." *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997). Thus, this court must determine if Petitioner has shown the FSA's exclusion of certain offenses from consideration for good-time credit is not rationally

---

[2] The Report thoroughly discusses the application of the Equal Protection clause through the Fifth Amendment. Further, the Report identifies that prisoners are not a suspect class for purposes of Equal Protection litigation and therefore rational basis is the proper level of scrutiny to apply. (ECF No. 19, pgs. 16-17). Petitioner does not object to this statement of law or classification. (ECF No. 25, p. 10).

**Page 19 of 22**

related to any legitimate government interest. Petitioner has made no such showing. Many courts that have assessed the FSA statutory scheme under a rational basis standard have determined the FSA does not violate the Equal Protection Clause by excluding prisoners with certain convictions from earning credit. *See e.g. Sedlacek v. Rardin,* No. 24-1254, 2025 WL 948485, at *2 (6th Cir. Jan. 21, 2025) ("the exclusion of prisoners with certain convictions from earning time credits does not violate the Equal Protection Clause."); *Hassan v. Gutierrez*, No. 23-00510, 2024 WL 4723621, at *2 (D. Ariz. Aug. 7, 2024), *report and recommendation adopted*, No. 23-00510, 2024 WL 4449278 (D. Ariz. Oct. 9, 2024) ("There is a rational basis for excluding persons convicted of certain, more serious, crimes from being eligible for FSA time credits in furtherance of a number of legitimate government interests, such as 'the particular obscenity of the offense, the need to protect society, and the need to deter future criminal conduct.'")(citation omitted); *United States v. Powell*, No. 2:11-205, 2023 WL 5489030, at *5 (E.D. Va. Aug. 24, 2023) ("there is a clear rational basis for treating persons who have been convicted of the excluded offenses differently than persons who have been convicted of other offenses.").

Thus, this Court determines excluding certain offenses from FSA time credits is rationally related to a legitimate government interest such as protecting society and deterring future criminal conduct. Accordingly, Petitioner's sixth objection is overruled.

Objection 7

For Petitioner's seventh objection, he objects to the Report's conclusion there is no application of the Irrebuttable Presumption Doctrine sufficient to allege a violation of Due

Process. (ECF No. 25, p. 11-13). The Petitioner asserts that § 3632(d)(4)(D) violates principles of Due Process under the Irrebuttable Presumption Doctrine because the state has "created an irrebuttable and conclusive presumption that certain federal prisoners serving a sentence for a conviction listed under [subsections] (i)-(ixviii) of § 3632(d)(4)(D) – without any individual inquiry [–] are categorically ineligible to earn time credits under the FSA." (ECF No. 1 at 28).

Upon a *de novo* review of the Report and the applicable law, this Court incorporates the Report's thorough discussion of the history of the Irrebuttable Presumption Doctrine herein by reference. (ECF No. 19, pgs. 19-21). Further, this Court agrees Petitioner's invocation of the Irrebuttable Presumption Doctrine does not sufficiently allege a violation of his Due Process rights. The Irrebuttable Presumption Doctrine "forced the government to grant hearings to persons who claimed to have been wrongfully trapped inside overinclusive classifications; the idea was that even if a person clearly fell within a legislative class, due process required that he be given the opportunity to show that he 'really' (that is, according to the 'true' purpose or justification for the distinction) belonged on the other side of the legislative line." *Brennan v. Stewart,* 834 F.2d 1248, 1258 (5th Cir. 1988). However, "the doctrine has now been 'abandoned as a generally acceptable approach,' and [ ] if it survives today, it does so only where there are 'independent reasons' for heightened scrutiny, such as where 'fundamental interests are threatened.'" *Black v. Snow,* 272 F. Supp. 2d 21, 30 (D.D.C. 2003), *aff'd sub nom. Black v. Ashcroft*, 110 F. App'x 130 (D.C. Cir. 2004) (citation omitted). "In this sense, the irrebuttable presumption analysis

has simply collapsed into the ordinary equal protection/due process analysis, which applies heightened scrutiny only to those classifications that burden particular rights or classes of persons to which the courts have afforded special protection." *Black,* 272 F. Supp 2d at 30-31.

Therefore, because any Irrebuttable Presumption analysis that may still exist is satisfied by application of Due Process and Equal Protection, which has been discussed at length, Petitioner's seventh objection is overruled.

## V.     <u>CONCLUSION</u>

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 19). For the reasons discussed above and in the Report, Respondent's motion for summary judgment, (ECF No. 12), is granted and the Petition is dismissed with prejudice.

IT IS SO ORDERED.

September 18, 2025                    Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge